

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

F I L E D

FEB 0 7 2013

**CLERK'S OFFICE**
**DETROIT**

UNITED STATES OF AMERICA,

No. 12-CR-20030

HON. NANCY G. EDMUNDS

-vs-

**OFFENSES:** 18 U.S.C. § 371
18 U.S.C. § 666

**D-3   CHAUNCEY MAYFIELD,**

**STATUTORY MAXIMUM PENALTIES:**
Up to 5 years in prison
Up to $250,000 fine
Up to 3 years of Supervised Release

Defendant.

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Chauncey Mayfield and the government agree as follows:

**1.   GUILTY PLEA**

**A.   Count of Conviction**

The defendant will enter a plea of guilty to Count 1 of the Fourth Superseding Information, which charges him with conspiring with public officials to give the public officials things of value in order to influence or reward the public officials in the performance of their official duties, in violation of 18 U.S.C. §§ 371 & 666, and for which the penalty is a maximum of up to five years imprisonment, a maximum fine of up to $250,000, a special assessment of $100, and up to three years of supervised release.

**B.**     **Elements of Offense**

The elements of a violation of Section 371 that the government would need to prove beyond a reasonable doubt at trial are:

(1) two or more persons conspired or agreed to violate 18 U.S.C. § 666;

(2) the defendant knowingly and voluntarily joined the conspiracy;

(3) one or more overt acts were committed by a conspirator in furtherance of the illegal purpose; and

(4) the defendant had the intent to violate 18 U.S.C. § 666.

The elements of a violation of 18 U.S.C. § 666 are

(1) An agent of a local government corruptly solicited, demanded, accepted, or agreed to accept something of value;

(2) The agent demanded, accepted, or agreed to accept the item of value for the purpose of being influenced or rewarded in connection with his official duties;

(3) The solicitation, demand, acceptance, or agreement to accept the thing of value must have been in connection with any business, transaction, or series of transactions of the local government involving anything of value of $5,000 or more; and

(4) The local government, in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract subsidy, loan, guarantee, insurance or other assistance.

**C.**     **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

During the period from 2006 through 2008, the defendant, Chauncey Mayfield, was the principal owner and Chief Executive Officer of MayfieldGentry Realty Advisors, L.L.C. At the time, MayfieldGentry Realty Advisors was an investment advisor and fiduciary to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (collectively referred to herein as the "Retirement Systems"). MayfieldGentry Realty Advisors received significant income from the Retirement Systems for its work for them that involved over $200 million in real estate transactions and/or real estate portfolios of the Retirement Systems.

From January 2006 through September 2008, Jeffrey Beasley served as the Treasurer of the City of Detroit. By virtue of his position as Treasurer of the city, Beasley also served as a Trustee of both Retirement Systems. During that same period of time, City Official X served as a public official of the City of Detroit. By virtue of his official position, City Official X also served as a Trustee of both Retirement Systems. During that period of time, the defendant had an understanding with Beasley and City Official X whereby the defendant gave things of value to Beasley and City Official X in order to influence or reward their decisions as Trustees regarding transactions and relationships by and between MayfieldGentry Realty Advisors and the Retirement Systems as to (1) whether to maintain

the Retirement Systems' business with MayfieldGentry Realty Advisors, and (2) whether the Retirement Systems should give additional business to MayfieldGentry Realty Advisors.

As part of the conspiracy, the defendant gave, among other things, certain things of value to Beasley and City Official X. In June 2006, the defendant gave $10,000 to a non-profit fund associated with City Official X. In April 2007, the defendant paid for a private jet flight and golf vacation to Las Vegas, Nevada for Beasley and City Official X at a cost of approximately $60,000. In July 2007, at the request of Beasley, the defendant paid for a private jet flight to Tallahassee, Florida for City Official X, his children, and one of Beasley's children at a cost of $24,000. In August 2007, at Beasley's request, the defendant hired an individual who he later learned was Beasley's paramour to work at a company affiliated with MayfieldGentry Realty Advisors. In September 2007, the defendant gave $30,000 to the non-profit fund at the request of Beasley. In October 2007, at the request of Beasley, the defendant paid for a private jet flight to Bermuda for City Official X and his wife at a cost of $34,000. In June 2008, the defendant gave $10,000 to the non-profit fund at the request of Beasley. In July 2006, the defendant paid approximately $4,000 for air fare, other expenses, and hotel rooms in New York for a trustee as well as the trustee's associate and family member.

Because of the things of value that the defendant gave to them, Beasley and City Official X maintained and added to the Retirement Systems' business with Mayfield Gentry

Realty Advisers.

During each of the calendar years from 2006 through 2008, the City of Detroit received more than $10,000 in federal funds.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **41 to 51 months**, as set forth on the attached worksheets.  If the Court finds:

a) that defendant's criminal history category is higher than reflected on the

attached worksheets, or

b) that the offense level should be higher because, after pleading guilty,

defendant made any false statement to or withheld information from his

probation officer; otherwise demonstrated a lack of acceptance of

responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **41 to 51 months**, the higher guideline range becomes the range recommended by the defendant and government.  The Court is not bound by this recommendation concerning the guideline range, and the

defendant understands that he will have no right to withdraw his guilty plea if the Court does

not follow this recommendation.   However, if the Court finds that the defendant is a career

offender, an armed career criminal, or a repeat and dangerous sex offender as defined under

the sentencing guidelines or other federal law, and that finding is not already reflected in the

attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed

range.

Neither party may take a position concerning the applicable guidelines that is different

than any position of that party as reflected in the attached worksheets, except as necessary

to the Court's determination regarding subsections a) and b), above.

3.    **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must

consider the sentencing guideline range.

A.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment.   There

is no agreement on supervised release.   In other words, the Court may impose any term of

supervised release up to the statutory maximum term, which in this case is **3 years**.   Any

agreement concerning imprisonment does not apply to any term of imprisonment that results

from any later revocation of supervised release.

**B.**     **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government

with a receipt for the payment before sentence is imposed.

**C.**     **Fine**

There is no agreement as to fines.

**4.**     **COOPERATION AGREEMENT**

The defendant agrees to assist the United States Attorney's Office in the investigation

and prosecution of others involved in criminal activities, as specified below.

**A.**     **Truthful Information and Testimony**

The defendant will provide truthful and complete information concerning all facts of

this case known to him.  The defendant will provide full debriefings as requested to the U.S.

Attorney, and federal, state, and local law enforcement agencies.  The defendant will provide

truthful testimony at all proceedings, criminal, civil, or administrative, as requested by the

U.S. Attorney.  Such testimony may include, but is not limited to, grand jury proceedings,

trials, and pretrial and post-trial proceedings.  The defendant agrees to be available for

interviews in preparation of all testimony.  The defendant understands that this obligation to

provide cooperation continues after sentencing and that failure to follow through constitutes

a breach of this agreement.

**B.**    **Nature of Cooperation**

The defendant agrees to cooperate in good faith, meaning that the defendant will not only respond truthfully and completely to all questions asked, but will also volunteer all information that is reasonably related to the subjects discussed in the debriefing.  In other words, the defendant may not omit facts about crimes, participants, or the defendant's involvement, and then claim not to have breached this agreement because the defendant was not specifically asked questions about those crimes, participants, or involvement.  The defendant will notify the U.S. Attorney in advance if the defendant intends to offer a statement or debriefing to other persons other than defendant's attorney.  The defendant is not prevented in any way from providing truthful information helpful to the defense of any person.  Any actions or statements inconsistent with continued cooperation under this agreement, including but not limited to criminal activity, or a statement indicating a refusal to testify, or any other conduct which in any way undermines the effectiveness of the defendant's cooperation, constitutes a breach of this agreement.

**C.**    **Government's Authority Regarding Substantial Assistance**

1. Substantial Assistance Determination.  It is exclusively within the government's discretion to determine whether the defendant has provided substantial assistance. Upon the government's determination that the defendant's cooperation amounts to substantial assistance in the investigation or prosecution of others, the government will either seek a

downward departure at sentencing under U.S.S.G. § 5K1.1, or a reduction of sentence pursuant to Fed. R. Crim. P. 35, as appropriate. If the government files a motion pursuant to Section 5K1.1 or Rule 35, the government will make no specific recommendation regarding the sentence to be imposed at the sentencing hearing. The government will be free to describe in detail the defendant's cooperation or lack thereof. If the government makes such a motion, the amount of the reduction, if any, will be determined by the Court.

2. <u>Use of Information Against the Defendant.</u> In exchange for the defendant's agreement to cooperate with the government, as outlined above, the government agrees not to use new information that the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct against the defendant at sentencing in this case. Such information may be revealed to the court, but may not be used against the defendant in determining the defendant's sentence range, choosing a sentence within the range, or departing from the range. There shall be no such restrictions on the use of information: (1) previously known to law enforcement agencies; (2) revealed to law enforcement agencies by, or discoverable through, an independent source; (3) in a prosecution for perjury or giving a false statement; or (4) in the event there is a breach of this agreement.

5.   **OTHER CHARGES**

If the Court accepts this agreement, the government will not bring additional charges against the defendant based on any of the conduct reflected in the Indictment in this case or otherwise known to the government.

6.   **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

Any recommendation by the parties regarding sentence are not binding on the Court. The defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

7.   **WAIVER OF APPEAL**

Defendant waives any right he may have to appeal his conviction. If the sentence imposed does not exceed the guideline range determined by Paragraph 2B, the defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

8.   **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction

or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9.   PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10.   SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

11.   **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office of the

United States Attorney by **5:00 P.M. on February 6, 2013**. The government reserves the

right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney


MARK CHUTKOW                         ROBERT CARES
CHIEF, PUBLIC CORRUPTION UNIT         ASSISTANT UNITED STATES ATTORNEY
ASSISTANT UNITED STATES ATTORNEY

DAVID A. GARDEY
ASSISTANT UNITED STATES ATTORNEY

DATE: 2 – 6 – 13

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ)
THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS.  HE ALSO
ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION.
DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH
HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.


ERIC A. DUBELIER                      CHAUNCEY MAYFIELD
ATTORNEY FOR DEFENDANT                 DEFENDANT


A. SCOTT BOLDEN
ATTORNEY FOR DEFENDANT

DATE: 2/6/13

- 13 -

| Defendant: | Chauncey Mayfield | Count: | Count 1 |
|---|---|---|---|
| Docket No.: | 12-CR-20030-Edmunds | Statute(s): | 18 U.S.C. §§ 371 & 666 |

# WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all  "closely related" to each other within the meaning of  U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.2(a)(2) | Base Offense Level–conspiracy--theft or bribery concerning programs receiving federal funds | 9 |
| 2C1.2(b)(1) | More than one incident | +2 |
| 2C1.2(b)(2) | Value of benefits provided to the public officials–more than $120,000 | +10 |
| 2C1.2(b)(3) | Offense involved public officials in high-level decision-making positions | +4 |
|  |  |  |

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**************************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

25

[X]

[ ]

Rev. 2/10/2012

Defendant: _____   Count: _____

Docket No.: _____   Statute(s): _____

# WORKSHEET B   (Multiple Counts)

## Instructions  (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts.  "All counts involving substantially the same harm shall be grouped together into a single Group."  (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group.  (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL                                    | unit |

2. **GROUP TWO**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL                                    | unit |

3. **GROUP THREE**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL                                    | unit |

4. **GROUP FOUR**: COUNT(S)  _____
   ADJUSTED OFFENSE LEVEL                                    | unit |

5. **TOTAL UNITS**                                          | units |

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit ➔ no increase | 2 1/2 - 3 units ➔ add 3 levels |
   | 1 1/2 units ➔ add 1 level | 3 1/2 - 5 units ➔ add 4 levels |
   | 2 units ➔ add 2 levels | > 5 levels ➔ add 5 levels |

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

Rev.  2/10/2012

Defendant: _____    Count: _____

Docket No.: _____    Statute(s): _____

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

## 1.   PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):      3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):      2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):      1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pursuant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

Defendant: _____    Count: _____

Docket No.: _____   Statute(s): _____

(WORKSHEET C, p. 2)

**2.  COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status.  (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted.

**3.  PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE  (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion.  (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE:  No more than 3 points may be added under this item.

**4.  TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

**5.  CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|---|---|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

Defendant: _____  Count: _____

Docket No.: _____  Statute(s): _____

# WORKSHEET D   (Guideline Range)

**1.  (COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level
entered in Item 8 of Worksheet B.

> 25

**2.  ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

> -3

**3.  TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 22

**4.  CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category
entered in Item 6 of Worksheet C.

> I

**5.  CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER
CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**

   a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision
   (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender
   provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in
   Item 3, enter the higher offense level total.

   b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal
   provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a
   criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal
   history category.

**6.  GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a
and the criminal history category entered in Item 4 or 5.b.

> 41 to 51
> months

**7.  STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered
in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the
sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

> months

Rev. 2/10/2012

Defendant: _____   Count: _____

Docket No.: _____   Statute(s): _____

## WORKSHEET E   (Authorized Guideline Sentences)

**1.    PROBATION  (U.S.S.G. ch. 5, pt. B)**

        a.    <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

| X | | 1. | Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence). |

           ☐    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

           ☐    3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

        b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

           ☐    1.    At least 1 year but not more than 5 years (total offense level ≥ 6).

           ☐    2.    No more than 3 years (total offense level < 6).

        c.    <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

           The court must impose certain conditions of probation and may impose other conditions of probation.

**2.    SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

| X | | a. | A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months). |

        ☐    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8 or 9 months).  The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.    IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

        A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

| Defendant: | _____ | Count: | _____ |
|---|---|---|---|
| Docket No.: | _____ | Statute(s): | _____ |

**(WORKSHEET E, p. 2)**

**4.    SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

a.    <u>Imposition of a Term of Supervised Release</u>  (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.    <u>Length of Term of Supervised Release</u>  (U.S.S.G. § 5D1.2)

☐    1.    At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒    2.    At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐    3.    1 year, where the count of conviction is a Class E felony or a Class A misdemeanor,  i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐    4.    The statute of conviction requires a minimum term of supervised release of ____ months.

c.    <u>Conditions of Supervised Release</u>  (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.    RESTITUTION (U.S.S.G. § 5E1.1)**

☐    1.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664.)  The court will determine who the victims are and their restitution amounts.

☐    2.    The court *must* order full restitution to the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3556, 3663A, 3664)  The parties agree that full restitution is **$___**.

☐    3.    The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including **$___**.  (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐    4.    The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including **$___**.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☒    5.    Restitution is not applicable.

Defendant: _____     Count: _____

Docket No.: _____     Statute(s): _____

(WORKSHEET E, p. 3)

**6.   FINE  (U.S.S.G. § 5E1.2)**

a.  Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

|   Minimum Fine   |   Maximum Fine   |
|:---:|:---:|
| $ 7,500 | $ 75,000 |

**7.   SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)**

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are

$100.00 for every count charging a felony ($400 for a corporation)
$ 25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
$ 10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
$   5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $___.

**8.   FORFEITURE (U.S.S.G. § 5E1.4)**

☐  Assets of the defendant will be forfeited.          ☒  Assets of the defendant will not be forfeited.

**9.   ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

List any additional applicable guideline, policy statement, or statute.

_____

**10.   UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

Rev.  2/10/2012